### BOLIN et v MORRIS

Ohio Appeals, 4th Dist, Meigs Co

Decided May 3, 1932

A. D. Russell, Pomeroy, for plaintiffs in error.

E. W. Peoples, Pomeroy, for defendant in error.

MAUCK, PJ.

It is claimed that the verdict is against the weight of the evidence. Bearing in mind the rule that this court can reverse a judgment upon that ground only when the verdict is clearly and manifestly wrong, no relief on that ground can be afforded in this case. There is a sharp conflict between members of the Bolin family on one side and of the Morris family on the other. In addition to that the note admittedly signed by the defendants was found in possession of the plaintiff. It would be impossible for a reviewing court to say that the jury was clearly wrong in finding that the defendants had not made their case.

It is claimed that the trial court erred in charging the jury. It is pointed out that the court in the first instance instructed the jury that the burden of proof was upon the plaintiff; that later in the charge the court said:

"You have to determine from the evidence as given here on the witness stand the truth of this matter and determine whether the plaintiff's claim is just and whether the evidence produced by the defendant is of greater weight than that produced by the plaintiff and of more force for your consideration."

It is argued that where the burden of proof is upon the plaintiff the defendant makes his case, not by overthrowing the plaintiff's case by the greater weight of the evidence but by producing evidence of equal weight with that of the plaintiff.

That argument is legally sound and in an appropriate case would require a reversal. In this case, however, it can not have that effect because no prejudice resulted to the defendants. A graver error had earlier intervened. The earlier and preliminary error was in relieving the defendants of any of the burden of proof and casting it upon the plaintiff.

The amended answer of the defendants was a denial

"that they or either of them are indebted to the plaintiff on the promissory note sued on in the petition in the sum of $500.00 with interest at six per cent from the 16th day of June, 1927, or in any sum whatever. Defendants further say that on the 8th day of October, 1927, plaintiff and defendant settled the note set forth in the petition and other matters and it was then found that the defendants were indebted to plaintiff in the sum of $1500.00, and the defendants W. D. Bolin and Lulu Bolin then executed and delivered to plaintiff their negotiable promissory note in said sum of $1500.00 in payment of the same, payable to plaintiff's order one year after said date, and that plaintiff accepted said note in full discharge of all said matters."

This was a plea of accord and satisfaction or of payment. It cast upon the defendants the burden of proof. Of course, some confusion is thrown into the answer by the first part thereof, which is a denial that the defendants were indebted to the plaintiff on the note sued on. This averment seems to have been treated as casting the burden of proof upon the plaintiff. It did not do so. So much of the answer as denies the indebtedness is a legal conclusion only.

"A mere denial of indebtedness or averment that the note is not outstanding, or not in existence, or that nothing is due thereon, is a mere legal conclusion containing no issue and warranting judgment upon the pleadings."
Bates on Pleading, 4 Ed., §983.

The error in the instructions was consequently prejudicial only to the plaintiff.
The judgment is affirmed.

MIDDLETON and BLOSSER, JJ, concur.